IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PARK PROPERTIES ASSOCIATES, L.P., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 04-1757C |
| v. | ) | |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

**Preliminary Statement**

1. The allegations contained in paragraph 1 are plaintiff's characterization of this action or conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. The Court lacks jurisdiction to entertain plaintiffs' demand for injunctive relief.

**Jurisdiction**

2. The allegations contained in paragraph 2 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

**Parties**

3. Admits.

4. The allegations contained in paragraph 4 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted, except

to admit that the Department of Housing and Urban Development (HUD) is an agency of the United States.

**Statement of the Facts**

5. Denies the allegations contained in paragraph 5, except to admit that, on or about June 1, 1979, plaintiff Park Properties Associates, L.P. (Park Properties) and the United States, acting through HUD, entered a Housing Assistance Payments (HAP) Contract (Project No. NY36-0010-003) with respect to LaMartine Terrace.

6. Denies the allegations contained in paragraph 6, except to admit that, on or about January 2, 1980, plaintiff Valentine Properties Associates, L.P. (Valentine) and the United States, acting through HUD, entered a Housing Assistance Payments (HAP) Contract (Project No. NY36-0003-011) with respect to Lane Hill Senior Citizen Residence (Lane Hill).

7. Denies the allegations contained in paragraph 7, except to admit that, on or about July 1, 1982, plaintiff St. John's I Associates, L.P. (St. John's) and the United States, acting through HUD, entered a Housing Assistance Payments (HAP) Contract (Project No. NY36-H110-050) with respect to St. John's Phase I.

8. The allegations contained in paragraph 8 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

9. Admits.

10. The allegations contained in paragraph 10 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied; defendant respectfully refers the Court to the cited statute for a complete statement of its contents.

11. Admits the allegations contained in paragraph 11 to the extent supported by the cited HAP Contracts, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 11 to the extent supported by the cited HAP Contracts, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 12.

13. Denies the allegations contained in paragraph 13, except to admit that, between 1978 and 1994, the monthly HAP Contract rents for LaMartine Terrace were increased to $872 for 0-bedroom units, $959 for 1-bedroom units, and $1,053 for 2-bedroom units.

14. Denies the allegations contained in paragraph 14, except to admit that, between 1978 and 1995, the monthly HAP Contract rents for Lane Hill were increased to $880 for 0-bedroom units, $994 for 1-bedroom units, and $1,138 for 2-bedroom units.

15. Denies the allegations contained in paragraph 15, except to admit that, between 1980 and 1996, the monthly HAP Contract rents for St. John's Phase I were increased to $831 for 0-bedroom units, $973 for 1-bedroom units, $1,108 for 2-bedroom units, and $1,287 for 3-bedroom units.

16. Denies the allegation contained in paragraph 16, except to admit that, after 1994, the Government has published "annual adjustment factors" ("AAFs") for each fiscal year.

17. Denies.

18. Denies.

19. Denies the allegations contained in paragraph 19, except to admit that (a) the monthly HAP Contract rents for LaMartine Terrace were not increased between 1995 and 2000, (b) the

monthly HAP Contract rents for Lane Hill were not increased between 1996 and 2000 and were not increased in 2003 for 2-bedroom units, and (c) the monthly HAP Contract rents for St. John's Phase I were not increased between 1996 and the present.

20. Denies.

21. Denies.

22. Denies each and every allegation not previously admitted or otherwise qualified.

23. Denies that plaintiffs are entitled to the relief requested or to any relief whatsoever.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282
(FAX)(202) 514-8624

Attorneys for Defendant

OF COUNSEL:

C. ALLEN VILLAFUERTE
Trial Attorney
Office of General Counsel
Department of Housing
and Urban Development
Washington, DC

FEBRUARY 7, 2005