IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PARK PROPERTIES ASSOCIATES, L.P., et al., Plaintiffs, | ) | No. 04-1757C |
| v. | ) | (Judge Allegra) |
| THE UNITED STATES, Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to paragraph 4 of Appendix A to the Rules of the Court of Federal Claims, plaintiffs, Park Properties Associates, et al., and defendant, the United States, respectfully submit the following joint preliminary status report:

a. **Does the Court have jurisdiction over this action?**

Plaintiffs state that the Court has jurisdiction to entertain this action, which is founded upon Housing Assistance Payments Contracts (HAP Contracts) between plaintiffs and the United States, acting through the Department of Housing and Urban Development (HUD), under the Tucker Act, 28 U.S.C. § 1491(a)(1).

Defendant states that the Court lacks jurisdiction to entertain plaintiffs' rent adjustment claims for the years 1995, 1996, 1997, and 1998, which are barred by 28 U.S.C. § 2501, and the rent adjustment claims of plaintiff St. John's I Associates, L.P., for any period after June 30, 2002, the date upon which its HAP Contract with HUD expired or terminated. It appears that the Court has jurisdiction to entertain the balance of the claims.

b. **Should the case be consolidated with any other case?**

No.

c. **Should the trial of liability and damages be bifurcated?**

No.

d. **Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?**

No.

e. **Will a remand or suspension be sought?**

No.

f. **Will additional parties be joined?**

No.

g. **Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is a proposed schedule for the intended filing?**

Plaintiffs and defendant state that they intend to file motions pursuant to RCFC 12(b)(1) and/or 56 after the completion of discovery upon liability issues (i.e., Issues # 1-6 listed at ¶ h below).

h. **What are the relevant factual and legal issues?**

The relevant factual and legal issues appear to be as follows:

1. Whether plaintiffs' claims based upon the alleged failure of HUD to adjust contract rents on the anniversary dates of plaintiffs' HAP Contracts in 1995, 1996, 1997, and 1998 are barred by 28 U.S.C. § 2501, the six-year statute of limitations applicable to suits under the Tucker Act (28 U.S.C. § 1491(a)(1)) in the Court of Federal Claims.

2. Whether the HAP Contract between plaintiff, St. John's I Associates, L.P., and HUD, which was effective on or about July 1, 1982, expired or terminated on June 30, 2002.

3. Whether plaintiff, St. John's I Associates, L.P., may maintain an action for rents under the HAP Contract between it and HUD effective on or about July 1, 1982.

4. Whether plaintiff, St. John's I Associates, L.P., and the New York State Housing Trust Fund entered a "HAP Interim (Full) Mark-To-Market Renewal Contract" for St. John's Place Phase I effective on July 1, 2002, that superseded and replaced the HAP Contract between it and HUD that was effective on or about July 1, 1982.

5. Whether the 1994 Amendments to 42 U.S.C. § 1437f and/or HUD Notice 95-12 breached or resulted in a breach of plaintiffs' HAP Contracts.

6. Assuming for the sake of discussion that defendant is liable to plaintiffs for breach of contract, what is the measure of the damages to which plaintiff is entitled?

7. Assuming for the sake of discussion that defendant is liable to plaintiffs for breach of contract, what is the quantum of the damages to which plaintiff is entitled?

i. **What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

The parties have not agreed to alternative dispute resolution. At this time, there does not appear to be a likelihood of a settlement.

j. **Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?**

Plaintiffs and defendant state that they do not request expedited trial scheduling. Issues # 1-6 at ¶ h above can be resolved by motions. A trial may be necessary to resolve the quantum of damages. Depending upon the outcome of dispositive motions, a trial may be necessary. If a trial is necessary, the trial should be held in Washington, D.C.

k. **Are there special issues regarding electronic case management needs?**

No.

l. **Is there any other information of which <u>the Court should be aware at this time?</u>**

The parties believe Issues # 1-6 are primarily legal in nature and that summary judgment on these issues should not be delayed unnecessarily. Accordingly, the parties anticipate that discovery on Issues # 1-6 should be limited in time and scope. They will therefore attempt to provide each other, at the time of their Initial Disclosures, with a complete package of relevant documents, including copies of the subject HAP contracts, amendments thereto, and annual adjustment factor data. They anticipate that a short discovery period of 45 days will allow them to complete development of the limited factual content needed to file dispositive motions with respect to Issues # 1-6. Issue # 7 – the quantum of damages to which plaintiffs may be entitled – may involve more extensive factual discovery, which the parties believe can be deferred until after the Court addresses the dispositive motions to be filed on Issues # 1-6, including expert witness disclosures and discovery.

The parties reserve the right, jointly or severally, to file further reports or to seek additional relief, from the Court with respect to procedural or other matters as may be appropriate in the future. At the present time, however, they are not aware of any other matters that require the Court's attention.

**<u>Proposed Scheduling Plan</u>**

<u>Plaintiffs</u> and <u>defendant</u> propose the following pretrial schedule:

1. The initial disclosures required by RCFC 26(a)(1) shall be made on or before May 16, 2005.

2. Any discovery (including interrogatories, document production requests, requests for admission, and depositions) with respect to liability issues (<u>i.e.</u>, Issues # 1-6 listed at ¶ h below) shall be completed by June 30, 2005.

3. On or before July 29, 2005, plaintiffs and defendant shall file their motions with respect to Issues # 1-6 at ¶ h above pursuant to RCFC 12(b)(1) and/or 56.

4. On or before August 31, 2005, plaintiffs and defendant shall file their respective oppositions to their cross-motions pursuant to RCFC 12(b)(1) and/or 56 with respect to Issues # 1-6 at ¶ h above.

5. On or before September 23, 2005, plaintiffs and defendant shall file their replies to their respective oppositions to the cross-motions pursuant to RCFC 12(b)(1) and/or 56 with respect to Issues # 1-6 at ¶ h above.

6. Discovery proceedings upon the quantum of damages in this case, including the disclosures of expert testimony required by RCFC 26(a)(2), shall be deferred until after the resolution of the parties' motions, pursuant to RCFC 12(b)(1) and/or 56, with respect to Issues # 1-6 at ¶ h above.

7. Within 15 days of the Court's resolution of the parties' motions with respect to Issues # 1-6 at ¶ h above, the parties shall file a joint status report setting forth a proposed schedule for further proceedings, including, as appropriate (depending upon the Court's resolution of liability issues), a proposed schedule for discovery upon the quantum of damages, including the disclosure of expert testimony required by RCFC 26(a)(2) and depositions of experts, and trial.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harry J. Kelly
HARRY J. KELLY, ESQ.
Nixon Peabody LLP
401 9th Street, N.W., Suite 900
Washington, D.C. 20004
Tele: (202) 585-8000

Attorney for Plaintiffs

s/John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282
(fax)(202) 514-8624
Attorneys for Defendant

MARCH 28, 2005