# Plaintiff's Exhibit 6

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PARK PROPERTIES ASSOCIATES, L.P., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 04-1757C |
| v. | ) | |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the United States Court of Federal Claims, defendant, the United States, responds to "Plaintiffs' First Set of Requests for Admissions" as follows:

REQUEST NO. 1: Admit that between 1994 and 2004, HUD calculated AAAFs with respect to the locations where each of the Projects was located.

RESPONSE: Denied, except to admit that, between 1994 and 2004, HUD caused to be published in the Federal Register annual adjustment factors (AAFs) for specified geographical areas, including AAFs for the geographical areas in which LaMartine Terrace, Lane Hill Senior Citizens Residence, and St. John's Phase I are located.

REQUEST NO. 2: Admit that Section 1.8(b) of the Original HAP Contracts established the method pursuant to which Annual Automatic Adjustments of rents were to be performed with respect to each of the Properties.

RESPONSE: Denied.

REQUEST NO. 3: Admit that Section 1.8(b) of the Original HAP Contracts did not require any of the owners of the Projects to perform a study or analysis of rents at comparable unassisted units in order to receive an Automatic Annual Adjustment of rents pursuant to such

Section 1.8(b).

RESPONSE: Denied, except to admit that Section 1.8(b) of the Original HAP Contracts is not the source of the requirement that (or circumstances under which) plaintiffs must perform a study or analysis of the rents of comparable unassisted units in order to receive a AAF-based rent adjustment.

REQUEST NO. 3[A]: Admit that between 1994 and 2004, HUD did not perform any study or analysis of rents at comparable unassisted units with respect to any of the subject Properties for purposes of performing Automatic Annual Adjustments pursuant to Section 1.8(b)(2) of the Properties' respective Original HAP Contracts.

RESPONSE: Admitted.

REQUEST NO. 4: Admit that between 1994 and 2004, HUD did not provide Automatic Annual Adjustments of the respective Project's contract rents pursuant to Section 1.8(b)(2) of the Properties' respective Original HAP Contracts.

RESPONSE: Denied.

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

OF COUNSEL:

C. ALLEN VILLAFUERTE
Trial Attorney
Office of General Counsel
Department of Housing
and Urban Development
Washington, DC

JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282
(FAX)(202) 514-8624

Attorneys for Defendant

JUNE 27, 2005

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 27th day of JUNE, 2005, I caused to be delivered by hand "DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION" addressed as follows:

HARRY J. KELLY, ESQ.
Nixon Peabody LLP
401 9th Street, N.W., Suite 900
Washington, D.C. 20004

John Koslosky