**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **PARK PROPERTIES ASSOCIATES, L.P., et al.** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 1:04-cv-01757-FMA** |
| | ) | **Judge Allegra** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS IN PART OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**

Dated: August 31, 2005

Harry J. Kelly, Esq.
NIXON PEABODY LLP
401 Ninth Street, N.W., Suite 900
Washington, D.C. 20004
(202) 585-8000

Counsel for the Plaintiffs

TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 1

ARGUMENT ............................................................................................................ 1

A. In its dispositive motion, the government does not dispute the plaintiffs' claim that the government's failure to pay automatic annual rent adjustments breached the plaintiffs' Housing Assistance Payment Contracts ........................................................... 1

B. The statute of limitations does not bar claims for diminished rent during the years subsequent to 1998 based on the government's failure to make rent adjustments from 1995 to 1998 ........................................................................................... 3

C. Plaintiffs should be permitted to recover damages with respect to all inadequate payments after December 10, 1998 ................................................................... 7

CONCLUSION ......................................................................................................... 9

# TABLE OF AUTHORITIES

## CASES

*Cuyahoga Metropolitan Housing Authority v. United States*, 57 Fed. Cl. 751(2003)....................2

*Statesman II Apartments, Inc. v. United States*, 2005 U.S. Claims LEXIS 211(Cl. Ct 2005)..........................................................................................................2

*Brown Park Estates-Fairfield Development Co. V. United States*, 52 F.3d 1449 ..........................4

*Franconia Associates v. United States*, 536 U.S. 129, 122 S.Ct. 1993 ......................................7, 8

*Friedman v. United States*, 159 Ct. C 310 F.2d 381.................................................................. 4-7

*Hatter v. United States*, 203 F.3d 795.........................................................................4, 5

## STATUTES

Department of Veterans Affairs and Housing and Urban Development and Independent Agencies Appropriations Act 1995, Pub.L. No. 103-327, 108 Stat. 2298, 2315........................1, 2

## INTRODUCTION

In this Opposition, plaintiffs respond to two of the arguments in Defendant's Motion To Dismiss In Part Or, In The Alternative, For Partial Summary Judgment (Defendant's Motion"). First, the government contends that the statute bars plaintiffs' claim that the government's liability for damages for the years after 1998 includes the effect of the government's failure to adjust contract rents from 1995 through 1998. *Id*. at 16-17. Second, the government contends that plaintiffs claims relating to months that are within the limitations period but during the 1998 contract adjustment year are barred by the statute. *Id*. at 15-16.

As to the former argument, this court should take into account the effect of the government's breaches during the time barred years in calculating damages for subsequent years. Under the continuing claim doctrine, each repeated failure to apply the earlier adjustments constituted a separate breach, and under § 2501, plaintiffs were allowed six years to file their claims for each such breach. As to the latter argument, under the continuing claim doctrine and basic contract principles, plaintiffs should be permitted to recover damages for all inadequate payments after December 10, 1998, the date six years prior to the date plaintiffs commenced the present litigation.

## ARGUMENT

A. *In its dispositive motion, the government does not dispute the plaintiffs' claim that the government's failure to pay automatic annual rent adjustments breached the plaintiffs' Housing Assistance Payment Contracts.*

Before addressing the issues raised in Defendant's Motion, it is important to note that the most significant aspect of Defendant's Motion is what it does not say: defendant has not challenged plaintiffs' assertion that by failing to make rent adjustments as required by the plaintiffs' Housing Assistance Payment Contracts ("HAP Contracts"), the government breached

those contracts. In Defendant's Motion, defendant United States (sometimes referred to herein as the "government") argues only that (i) plaintiffs' claims for contract rents for the years 1995 through 1998 are barred by the statute of limitations (see Defendant's Motion, Section V) and (ii) the claims of plaintiff St. John's I Associates, L.P. ("St. John's") for contract rents after July 1, 2002 are invalid because the government's contract with St. John's expired on that date (see Defendant's Motion, Sections VI through IX). Thus, the government has not disputed liability with respect to years subsequent to 1998 for plaintiffs Park Properties Associates, L.P. ("Park Properties") or Valentine Associates, L.P. ("Valentine"), or for the period from July 1, 1998 through July 1, 2002 for St. John's.

Indeed, defendants had little choice but concede liability given this court's decision in *Cuyahoga Metropolitan Housing Authority v. United States*, 57 Fed. Cl. 751 (2003) ("*Cuyahoga I*") that the Department of Veterans Affairs and Housing and Urban Development and Independent Agencies Appropriations Act 1995, Pub. L. No. 103-327, 108 Stat. 2298, 2315 (1994) (the "1994 Amendments"), along with HUD Directive No. 95-12 and its successors (the "Directive"), constituted a breach of the plaintiffs' HAP Contracts with the government. The HAP Contracts at issue in *Cuyahoga I* were identical in every way relevant to this case to the HAP contracts between the plaintiffs and the government.

Moreover, the sound reasoning of *Cuyahoga I* was affirmed recently when it was adopted in *Statesman II Apartments, Inc. v. United States*, 2005 U.S. Claims LEXIS 211 (Cl. Ct 2005). In that decision, Judge Lettow followed this Court's holding in *Cuyahoga I* and concluded that

the enactment of the 1994 Amendment and the publication of the Directive constituted a breach of the subject plaintiff's HAP Contract.[1]

Defendant has not challenged the reasoning in either *Cuyahoga I* or *Statesman II*, and has not challenged the applicability of either case to the facts of this case. There is no dispute, therefore, regarding the issue of liability for the years subsequent to 1998 with respect to Park Properties and Valentine, or for the period from 1998 through the expiration of those HAP Contracts with respect to St. John's.[2]

B. *The statute of limitations does not bar claims for diminished rent during the years subsequent to 1998 based on the government's failure to make rent adjustments from 1995 to 1998*

The government's breaches of plaintiffs' HAP contracts for the years 1995 through 1998 had a dual impact on the plaintiffs. First, plaintiffs were denied the increased rents during each contract year in which a breach occurred. Second, the base rents during subsequent years were lower than they would have been had the government honored its contracts, and plaintiffs therefore were denied increased rents in those subsequent years. Even if this court agrees with

---

1 The court in *Statesman II* differed on one issue with this Court – whether or not the Directive's unilateral decision to impose separate adjustment factors for "turnover" and "nonturnover" units constituted a separate breach of the HAP contract. In *Statesman II*, the Court concluded that HUD had not complied with the requirements necessary to alter the annual adjustment factors to include such a distinction, and held that making such a distinction was a breach of the HAP Contract. *See Statesman II* at 57-58. The Court need not address the turnover issue at this point because the issue is related to damages and can properly be deferred until the damages phase of this case.

2 Defendant correctly points out that its initial HAP contracts with St. John's expired in stages with respect to specific units, on June 30, 2002, September 14, 2002 and December 14, 2002 respectively. Defendant's motion at 19-20. As those states of its original HAP Contract expired, St. John's entered a series of new Section 8 contracts with the New York State Housing Trust Fund Corporation, the first of which became effective July 1, 2002. *See* Defendant's Motion, Exhibit 85. Given that St. John's did not have a contract with the government after that date and that the terms of those contracts did not contain automatic annual adjustment mechanisms like the subject HAP Contract for St. John's, the government was not liable for the failure to adjust contract rents after that date. St. John's therefore concedes that it does not have a claim for contract rents after the expiration dates of the subject HAP Contract for St. John's, as it expired in stages on June 30, 2002, September 14, 2002 and December 14, 2002 respectively, but does not concede and continues to seek damages for the period from July 1, 2002 to September 14, 2002 with respect to stage 2 and for the period from July 1, 2002 to December 14, 2002 with respect to stage 3.

the government's argument that the statute of limitations applies to bar plaintiffs' claims for the government's failure to make rent adjustments for the years 1995 through 1998, it must also consider whether the government is liable for the impact of that failure on the base rents during subsequent years that were within the limitations period.

Under the continuing claim doctrine, such periodic claims are regarded as new claims upon which suit may be brought and, therefore, claims for payments due within six years prior to suit are not barred by the statute of limitations. *See Elephant Butte v. Department of Interior*, 160 F.3d 602, 606 n.4 (10th Cir. 1998). Indeed, that is precisely the situation that exists in this case. Because a portion of each of the government's underpayments after 1998 was the result of its failures to make rent adjustments in 1995 through 1998 (such portion referred to hereinafter as the "pre-1999 component"), each successive failure to pay the appropriate rent was a breach of the government's obligation under the HAP Contract to pay the increased rent and gave rise to a new claim upon which suit could be brought. Under the continuing claim doctrine, therefore, each date upon which rent was due after 1998 gave rise to a new claim for the pre-1999 component as well.

The government argues that under *Brown Park Estates-Fairfield Development Co. v. United States*, 52 F.3d 1449 (Fed. Cir. 1997), that plaintiffs' claims for the pre-1999 component are barred by the statute of limitations. Indeed, the court in *Brown Park* did reject a virtually identical claim. The government fails to consider, however, the decision of the United States Court of Appeals for the Federal Circuit, sitting en banc, in *Hatter v. United States*, 203 F.3d 795 (Fed. Cir. 2000) (en banc). In *Hatter*, the Federal Circuit noted that the *Brown Park* court improperly focused its analysis on whether the relevant claim constituted "'a single distinct event, which may have ill effects later on'" and which, therefore, was not a "continuing claim."

*Id*. (quoting *Brown Park*, 52 F.3d at 1456). Indeed, emphasis on this point only begs the question. In order to determine whether a series of transactions represents a continuing claim, the *Hatter* court held that it is necessary to apply the test set out in *Friedman v. United States*, 159 Ct. Cl. 1, 310 F.2d 381 (Ct. Cl. 1962). *Hatter*, 203 F.3d at 799; *In re Carrington Gardens Assoc*., 258 B.R. 622, 633 (E.D. Va. 2001). Although *Brown Park* quotes liberally from *Friedman*, it does not purport to apply its determinative three pronged test, which was endorsed in *Hatter* and is described below. No court, then, has applied the *Friedman* test to claims involving the government's failure to make rent adjustments in Section 8 cases.[3]

Under *Friedman*, the court must consider the following factors in order to determine whether the continuing claim doctrine applies: (1) whether Congress has entrusted an administrative officer with the determination of the claimant's entitlement; (2) whether the case involves significant factual determinations (or whether it turns on pure issues of law or specific facts the court must decide for itself); and (3) whether the case calls upon the court to address broad concepts rather than resolve narrow factual issues. *Hatter*, 203 F.3d at 799 (citing *Friedman*, 159 Ct. Cl. at 1456).

The facts of this case satisfy all three prongs of the *Friedman* test. First, the HAP Contract has not entrusted HUD or any other agency to determine whether parties to HAP Contracts are entitled to rent increases. In elaborating on this prong, the *Friedman* court asked whether there is any "condition precedent to the accrual of a cause of action (such as a factual determination by an executive tribunal or the exhaustion of some special procedure or remedy)." *Friedman*, 159 Ct. Cl at 8. It is important to note that, because the plaintiffs have asserted their

[3] The *Hatter* court performed a cursory analysis of the *Brown Park* facts under the *Friedman* standard. *Hatter*, 203 F.3d at 799. Not only is this portion of the *Hatter* opinion clear dicta, it is not performed in sufficient detail to be of value here. This discussion should not obscure *Hatter's* only holding – that *Friedman* must be applied in continuing claim doctrine cases. *Id. Carrington Gardens*, 258 B.R. at 633.

claims under their HAP Contracts, the analysis here should focus on whether the HAP Contracts require the exhaustion of administrative remedies or the satisfaction of a condition precedent. Here there is no such condition. In fact, as this court decided in *Cuyahoga I*, the HAP Contract guaranteed an ***automatic*** rent adjustment for the plaintiffs here. Whatever role HUD had in determining the amount of rent adjustment, based for example on the overall limitation language contained in the HAP Contract, is irrelevant for two reasons. First, as the court determined in *Cuyahoga I*, Congress and HUD, through the 1994 Amendment and the Directive, unlawfully attempted to shift that function onto the plaintiffs. Moreover, the determination contemplated by *Friedman* was not a determination of a right to receive a payment, but the right to adjudicate a claim. HUD never possessed that quasi-adjudicative role under the HAP Contract, and did not exercise that right here. Upon the government's failure to make the required rent adjustments, plaintiffs' first and only recourse was to the Claims Court.

Second, this case does not involve significant factual determinations; rather, it turns on pure issues of law. This much is evident from the fact that defendant has not contested liability as to the years subsequent to 1998. *See* Defendant's Motion. The government has virtually conceded summary judgment on the merits as to the claims within the limitations period, thus acknowledging that there are not issues of material fact that must be resolved prior to reaching the merits of these claims. *Id*. The merits of plaintiffs' claims outside the limitations period, which are identical to the merits of plaintiffs' claims within the limitation period, must also involve pure issues of law.

Similarly, in satisfaction of *Friedman's* third prong, this case calls upon the court to resolve narrow factual issues rather than address broad concepts. At the damages phase, the court will be called upon to determine the shortfall in rent payments to plaintiffs, which will

require only a straightforward application of the published Annual Adjustment Factors ("AAFs") to undisputed rent figures. Plaintiffs' Proposed Findings of Uncontroverted Fact ¶¶ 4-7.

C. *Plaintiffs should be permitted to recover damages with respect to all inadequate payments after December 10, 1998*

Plaintiffs commenced the present litigation on December 10, 2004. *See* Complaint. If the statute of limitations bars any of plaintiffs' claims at all, then, it bars only those claims that accrued before December 10, 1998. Each plaintiff's rents were adjusted annually on its contract anniversary date, i.e. June 1 for Park Properties, January 2 for Valentine and July 1 for St. John's. *See* Plaintiffs' Motion, Exh. 1-3. Defendant argues that, because plaintiffs' claims accrued on their adjustment dates each year, the plaintiffs' claims are barred insofar as they relate to periods in the 365 days following their adjustment date in 1998. Defendant's Motion at 16. For example, defendant argues that Park Properties may not assert claims for January 1999 through May 1999 because the government's failure to pay during those months is part of the Park Properties' claim that accrued June 1, 1998. *Id.*

The government neglects to take account of the fact, however, that each month that the government failed to pay the increased rent it was contractually obligated to pay constituted another claim against the government. *Friedman*, 159 Ct. Cl at 8. As discussed above, the continuing claim doctrine provides that such distinct claims are not barred by the statute of limitations if they accrued within the limitations period.

In addition, under the basic contract principles outlined in *Franconia Associates v. United States*, 536 U.S. 129, 122 S.Ct. 1993 (2002), the statute of limitations did not begin to run on any particular claim until the plaintiffs submitted a voucher for payment and the government paid the unadjusted amount. In *Franconia*, petitioners sued the United States under the Tucker Act, alleging that enactment of the Emergency Low Income Housing Preservation Act of 1987

(ELIHPA) effected a repudiation of their loan contracts. *Id*. at 138. The loan contracts permitted prepayment by the borrower at any time, but ELIHPA contained a provision that purported to take this right away from the borrower. *Id*. at 135-37. Franconia Associates sued the government on May 30, 1997. *Id*. at 137. The government argued that the *Franconia* lawsuit was barred by § 2501. *Id*. at 138.

In deciding the case, the Supreme Court relied on basic contract principles. Justice Ginsburg noted that a promisor's renunciation of a contractual duty before the time fixed in the contract for performance is a repudiation, and it is not until the time of performance called for by the contract that there has been a breach. *Id*. at 142-43. It is at the time of the breach, for purposes of determining when § 2501 begins to run, that the cause of action for breach accrues. *Id*. at 142. Enactment of ELIHPA, therefore, was a repudiation and not a breach, and did not start the running of the statute of limitations. *Id*. It was not until the borrowers actually attempted to repay their loans and the government refused their repayment that a breach occurred. *Id*.

In this case, the HAP Contracts called for monthly performance by the government of its obligation to pay rent subsidies. *See* Plaintiffs' Motion, Exh. 1-3. In that sense, payments for the subject month actually arose each month, and each month in which HUD did not meet its payment obligation there was a breach of the HAP Contracts for that month. *Franconia Associates v. United States*, 536 U.S. 142-43. It was upon the occurrence of the breach that the statute of limitations began to run. *Id*. Thus, the plaintiffs' claims with respect to the months immediately following December 10, 1998 are not barred by § 2501.

**CONCLUSION**

For the foregoing reasons, plaintiffs claims are not barred by the statute of limitations, and the plaintiffs therefore ask this court to deny Defendant's Motion To Dismiss In Part Or, In The Alternative, For Partial Summary Judgment.

Dated: August 31, 2005

__/s/ Harry J. Kelly______________________
Harry J. Kelly, Esq.
NIXON PEABODY LLP
401 Ninth Street, N.W., Suite 900
Washington, D.C. 20004
(202) 585-8000

Counsel for the Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THIS 31st day of August, 2005, that a copy of the foregoing Plaintiffs' Opposition to Defendant's Motion To Dismiss In Part Or, In The Alternative, For Partial Summary Judgment, was served by U.S. Postal Service, first class mail, postage prepaid, upon:

John Edgar Kosloske
U.S. Department of Justice
Civil Div. – Commercial Litigation Br.
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530

/s/ Harry J. Kelly
Harry J. Kelly