# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PARK PROPERTIES ASSOCIATES, L.P., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 04-1757C |
| v. | ) | |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT STATUS REPORT

Pursuant to the Court's November 17, 2006 Opinion, plaintiffs, Park Properties Associates, et al., and defendant, the United States, respectfully submit the following joint status report indicating how the above-captioned action should proceed, with an appropriate schedule:

The Court has rendered its ruling upon liability issues in this case. The remaining issues, broadly speaking, are the appropriate measure and quantum of damages. On December 5, 2006, plaintiffs' counsel and defendant's counsel had a meeting to discuss measure-of-damages issues and the content of this joint status report, including a proposed schedule for further proceedings. After extensive discussions, the plaintiffs and the defendant have identified legal issues upon which we are divided that, in the interest of judicial economy and efficiency, we believe are amenable to resolution, and should be resolved, through briefing and a ruling by the Court before the parties conduct any additional discovery in this case. Specifically, the plaintiffs believe that, in the absence of timely Government-prepared rent comparability studies, the measure of damages should be based on the adjustment method contained in Paragraph 1.8b of their respective Housing Assistance Payments (HAP) Contracts. The defendant has identified two legal issues that, it contends, must be decided before the measure of damages can be calculated in this case:

1. Is the "overall limitation" provision contained in plaintiffs' Housing Assistance Payments (HAP) contracts a constraint upon the damages plaintiffs may recover for the breach of contract held by the Court based upon the failure of the Department of Housing and Urban Development (HUD) to make annual rent adjustments upon the HAP contract anniversary dates for the relevant years?

2. If the "overall limitation" provision contained in plaintiffs' HAP contracts applies to the determination of expectancy damages for the breach of contract held by the Court, what is a "material difference" between the rents charged for assisted and comparable, unassisted units? In other words, when is a difference between the rents charged for assisted and comparable, unassisted units "material?"

The plaintiffs understand that the foregoing constitutes the defendant's statement of the legal issues relating to the "overall limitation," and reserve the right to restate and address them as appropriate in subsequent briefing.

In addition, there may be some subsidiary issues to be addressed in resolving these legal issues. For example the defendant argues that, to resolve the "overall limitation" issue, the Court will have to address, among other things, whether, in fashioning damages, the Court may disregard evidence of comparable unassisted rents contained in market rent surveys submitted by an owner (plaintiffs Park Properties Associates and Valentine Associates here) to HUD in support of requests for annual rent adjustments under the procedures established by HUD Notice 95-12. The plaintiffs reserve comment on any subsidiary issues until they are properly presented in a brief.

The parties believe that it would promote judicial economy to have the legal issues identified above resolved before conducting any further discovery because, if the Court were to rule in plaintiffs' favor that the "overall limitation" provision is not a constraint upon the determination of expectancy damages, it will have been a waste, for purposes of the present proceedings, of the parties' time and resources to have conducted discovery regarding application of the "overall limitation" provision to plaintiffs' damages claims, including the engagement of

experts to perform market rent surveys to determine comparable, unassisted rents, the preparation of expert testimony disclosures, depositions of experts, and discovery concerning the "initial difference" to be preserved when applying the "overall limitation" provision.

On the other hand, if the "overall limitation" provision were deemed not to apply, the defendant has identified the following subjects as the only discovery that potentially would be required to resolve damages issues:

1. The number of turnover and non-turnover units and vacancy rate for each of the relevant years,
2. The costs of rent comparability studies submitted by plaintiffs Park Properties Associates and Valentine Associates in support of requests for annual rent adjustments under the procedures established by HUD Notice 95-12 for the relevant years, and,
3. In the case of Park Properties Associates and Valentine Associates, discovery that for the years 1999 and 2000, the failure of those plaintiffs to receive annual rent adjustments was not the direct or proximate consequence of the requirements of the 1994 Act or HUD Notice 95-12 but, rather, the result of plaintiffs' mistaken belief that they were not eligible for rent increases because their rental housing projects were located in a housing market subject to local rent control regulation.

The plaintiffs understand the foregoing constitutes an illustrative list of the discovery that the defendant may pursue if the Court determines that the "overall limitation" does not apply. Consequently, the plaintiffs (a) neither accept nor reject that list, (b) do not waive their right to claim that discovery with respect to such issues may be irrelevant, or that discovery has already

taken place on those matters, and (c) reserve the right to seek protection from the Court with respect to any discovery requests that the defendant may serve in the future.

The parties, therefore, propose that discovery upon damages issues be deferred until the Court has resolved the legal issues described above. The parties also propose that the Court adopt the following briefing schedule for the resolution of such legal issues:

1. On or before February 23, 2007, plaintiffs and defendant shall file initial briefs (not to exceed 40 pages in length).

2. On or before March 23, 2007, plaintiffs and defendant shall file responses to the initial briefs (not to exceed 20 pages in length).

3. Within 15 days of the Court's entry of an order upon the legal issues identified above, the parties shall file a joint status report setting forth a proposed schedule for further proceedings in this case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/Harry J. Kelly
HARRY J. KELLY, ESQ.
Nixon Peabody LLP
401 9th Street, N.W., Suite 900
Washington, D.C. 20004
Tele: (202) 585-8000

Attorney for Plaintiffs

/s/John E. Kosloske
JOHN E. KOSLOSKE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 8012
Washington, D.C. 20530
Tele: (202) 307-0282
(fax)(202) 514-8624

Attorneys for Defendant

DECEMBER 11, 2006