**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **PARK PROPERTIES ASSOCIATES, L.P., et al.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 1:04-cv-01757-FMA** |
| | ) | **Judge Allegra** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACTS**
**IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to the provisions of Rule 56(d)(1) of the Rules of the United States Court of Federal Claims (RCFC), Plaintiffs Park Properties Associates, L.P. ("Park Properties"), Valentine Properties Associates, L.P. ("Valentine") and St. John's Associates, L.P. ("St. Johns") (together, the "Plaintiffs"), hereby submit their Proposed Findings of Uncontroverted Fact In Support of Their Motion For Partial Summary Judgment, as follows:

1. On September 27, 1978, Park Properties and the United States Department of Housing and Urban Development ("HUD" or "Defendant") entered into a housing assistance payment contract ("HAP Contract") for LaMartine Terrace (the "LaMartine HAP Contract"). See Paragraph 5 of Plaintiffs' Complaint filed Case No. 04-1757C the ("Complaint") and paragraph 5 of the Defendant's Answer to the Complaint.

2. On September 27, 1978, Valentine and HUD entered into a HAP contract for Valentine's Lane Hill Apartments (the "Lane Hill HAP Contract"). See Paragraph 6 of the Complaint and Paragraph 6 of the Defendant's Answer to the Complaint.

3. On September 29, 1980, St. John's and HUD entered into a HAP contract for St. John's Phase I (the "St. John's HAP Contract"). See Paragraph 7 of the Complaint and Paragraph 7 of the Defendant's Answer to the Complaint.

4. Pursuant to the application of the Government's published annual adjustment factors (AAFs), the contract rent for LaMartine Terrace increased from its initial contract rents of $415, $490 and $561 for 0 bedroom, 1 bedroom, and 2 bedroom units, respectively, in 1979 to $872, $959 and $1,053 in 1994. See Paragraphs 9 and 13 of the Complaint and Paragraphs 9 and 13 of the Defendant's Answer to the Complaint. See also Affidavit of Stephen Bolduc, at paragraph 5 (Appendix In Support of Plaintiffs' Motion For Partial Summary Judgment ("Plfs. App.") at 57).

5. Pursuant to the application of the Government's published AAFs, the contract rents for the Lane Hill Apartments increased from its initial contract rents of $420, $510 and $615 for 0 bedroom, 1 bedroom, and 2 bedroom units, respectively, in 1979 to $872, $959 and $1,053 in 1994. See Paragraphs 9 and 14 of the Complaint and Paragraphs 9 and 14 of the Defendant's Answer to the Complaint. See also Affidavit of Stephen Bolduc, at paragraph 6 (Plfs. App. 57).

6. Pursuant to the application of the Government's published AAFs, the contract rents for the St. John's HAP increased from its initial contract rents of $496, $598, $713 and $830 for 0 bedroom, 1 bedroom, 2 bedroom and 3 bedroom units, respectively, in 1979 to $812, $950, $1,082 and $1,257 in 1994. See Paragraphs 9 and 15 of the Complaint and Paragraphs 9 and 15 of the Defendant's Answer to the Complaint. See also Affidavit of Henry Salmond, at paragraph 4 (Plfs. App. 59).

7. Since 1994, the AAFs published by the Government for the years 1995 through 2004 are as follows:

| | La Martine/Lane Hill | | St. John's | |
|---|---|---|---|---|
| Year | Turnover Units | Non-Turnover Units | Turnover Units | Non-Turnover Units |
| 1995 | 1.026 | 1.016 | 1.026 | 1.016 |
| 1996 | 1.024 | 1.014 | 1.024 | 1.014 |
| 1997 | 1.026 | 1.016 | 1.026 | 1.016 |
| 1998 | 1.029 | 1.019 | 1.029 | 1.019 |
| 1999 | 1.034 | 1.024 | 1.034 | 1.024 |
| 2000 | 1.033 | 1.023 | 1.032 | 1.022 |
| 2001 | 1.031 | 1.021 | 1.031 | 1.021 |
| 2002 | 1.046 | 1.036 | 1.046 | 1.036 |
| 2003 | 1.039 | 1.030 | 1.039 | 1.030 |
| 2004 | 1.041 | 1.031 | 1.041 | 1.031 |

See Federal Register 60 FR 12594; 60 FR 55934, 61 FR 66132, 63 FR 11956; 63 FR 51224; 64 FR 51860; 65 FR 66888; 66 FR 59052; 68 FR 3116; 68 FR 54270.

8. Plaintiffs have not received annual rent increases for the LaMartine Terrace Property for the years 1995 through 2000. See Paragraphs 17 and 19 of the Complaint; Affidavit of Stephen Bolduc, at paragraph 7 (Plfs. App. 57); and Paragraph 19 of the Defendant's Answer to the Complaint.

9. Plaintiffs have not received annual rent increases for the Lane Hill Property for the years 1996 through 2000, and did not receive a rent increase for 2-bedroom units at the Lane Hill Property in 2003. See Paragraphs 17 and 19 of the Complaint; Affidavit of Stephen Bolduc, at paragraph 8 (Plfs. App. 57); and Paragraph 19 of the Defendant's Answer to the Complaint.

10. Plaintiffs have not received annual rent increases for the St. John's Property for the years 1996 through 2001. See Paragraphs 17 and 19 of the Complaint; Affidavit of Henry

Salmond, at paragraph 5 (Plfs. App. 60); and Paragraph 19 of the Defendant's Answer to the Complaint.

11. HUD did not perform annual rent comparability studies for LaMartine from 1995 - 2004 and the Plaintiffs did not receive any such studies within 60 days of the anniversary dates of LaMartine HAP Contracts during that time period. See Affidavit of Stephen Bolduc, at paragraph 9 (Plfs. App. 57) and Defendant's Response to Plaintiff's First Set of Requests for Admission, at Response 3[A] (Plfs. App. 63).

12. HUD did not perform annual rent comparability studies for Lane Hill from 1995 - 2004 and the Plaintiffs did not receive any such studies within 60 days of the anniversary dates of the Lane Hill HAP Contracts during that time period. See Affidavit of Stephen Bolduc, at paragraph 10 (Plfs. App. 57) and Defendant's Response to Plaintiff's First Set of Requests for Admission, at Response 3[A] (Plfs. App. 63).

13. HUD did not perform annual rent comparability studies for St. John's Phase I from 1995 - 2004 and the Plaintiffs did not receive any such studies within 60 days of the anniversary dates of the St. John's HAP Contracts during that time period. See Affidavit of Henry Salmond, at paragraph 6 (Plfs. App. 60) and Defendant's Response to Plaintiff's First Set of Requests for Admission, at Response 3[A] (Plfs. App. 63).

14. HUD, under 42 U.S.C. §1437(c)(2)(A) and the comparability requirements and the 60-day time limit set forth in HUD Notice 95-12, has failed to provide the automatic annual rent increases to which Plaintiffs are entitled. See Paragraphs 17 and 19 of the Complaint and Paragraph 19 of the Defendant's Answer to the Complaint.

Dated: February 23, 2007 Respectfully submitted,

_/s/ Harry J. Kelly_______________________

Harry J. Kelly, Esq.
NIXON PEABODY LLP
401 Ninth Street, N.W., Suite 900
Washington, D.C. 20004
P: (202) 585-8000
F: (202) 585-8080

Counsel for the Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY this 23rd day of February, 2007, that two copies of the foregoing were served by U.S. Postal Service, first class mail, postage prepaid upon the following person:

John Edgar Kosloske
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
8th Floor
Washington, D.C. 20530

/s/ Harry J. Kelly
Harry J. Kelly