# In The United States Court of Federal Claims

No. 04-1757C

(Filed: April 22, 2015)

_____

| | |
|---|---|
| PARK PROPERTIES ASSOCIATES, L.P., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | * <br> * <br> *   Motion for attorney's fees; Equal Access to <br> *   Justice Act – 28 U.S.C. § 2412(d)(1)(A); <br> *   United States Department of Housing and <br> *   Urban Development – Housing Assistance <br> *   Payments; "Substantially justified"; <br> *   Defendant's position was "reasonable basis <br> *   in law and fact"; Motion denied. <br> * <br> * |

_____

**OPINION**

_____

*Harry J. Kelly, III,* Nixon Peabody LLP, Washington, D.C., for plaintiffs.

*Kenneth David Woodrow*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., with whom was Acting Assistant Attorney General *Benjamin C. Mizer*, Civil Division, for defendant.

**ALLEGRA, Judge:**

Before the court is a motion for attorney's fees filed by plaintiffs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). For the reasons that follow, the court hereby **DENIES** plaintiffs' motion.

**I.**

Plaintiffs entered into rent subsidy agreements with the United States Department of Housing and Urban Development (HUD), known as "Housing Assistance Payment" (HAP) contracts. This court previously determined that defendant repudiated those contracts in 1994, when Congress amended the controlling statute to alter the way in which rent increases were to be determined. *Park Props. Assocs., L.P. v. United States*, 74 Fed. Cl. 264, 265-66 (2006) (*Park Props. I*). Later, the court held that a limitation found in the HAP contracts could not be applied

to limit the damages owed by defendant.  *Park Props. Assocs., L.P. v. United States*, 82 Fed. Cl. 162, 176 (2008) (*Park Props. II*).

The court stayed resolution of the pending cross-motions until the Federal Circuit decided *Haddon Housing Associates Ltd. Partnership v. United States*, 711 F.3d 1330 (Fed. Cir. 2013). Following the issuance of that opinion, the parties agreed that:  (i) the Departments of Veterans Affairs and Housing and Urban Development, and Independent Agencies Appropriation Act of 1995, Pub. L. No. 103-327, 108 Stat. 2298, 2315 (1994) (the 1994 Act), as implemented by HUD, breached provisions in plaintiffs' HAP contracts; (ii) the Overall Limitation provision found in plaintiffs' HAP contracts cannot be applied to reduce plaintiffs' rent adjustments for purposes of calculating damages herein; and (iii) the provision of the 1994 Act that required a deduction in adjustments for units that did not turnover cannot be applied to reduce plaintiffs' rent adjustments for purposes of calculating their damages.[1]

Based on the foregoing, the court granted, in part, and denied, in part, plaintiffs' motion for summary judgment and granted, in part, and denied, in part, defendant's motion for summary judgment.  *Park Props. III*, 2014 WL 4667212.  Initially, the court granted plaintiffs' motion regarding the so-called stub period, adopting, *inter alia*, Judge Lettow's analysis in *Pennsauken Senior Towers Urban Renewal Assocs., LLC v. United States*, 83 Fed. Cl. 623, 629 (2008).  *See Park Prop. III*, 2014 WL 4667212, at *1.  Next, the court concluded that plaintiffs could recover payments due from HUD's vacant units.  The court noted defendant failed to press this argument, thereby waiving the argument and leading to the conclusion that plaintiffs were entitled to the payments in question.  *Id*. at *2.  Finally, plaintiffs argued that they were entitled to lost profits associated with the reduced rents in their HAP contracts.  The court noted that plaintiffs had, *inter alia*, failed to plead that claim in their complaint.  *Id.*

On October 31, 2014, the parties submitted a joint stipulation quantifying damages pursuant to the court's opinion.  The parties reserved their rights to appeal at that point in time.  On November 4, 2014, the Clerk entered judgment in favor of each of the three plaintiffs in the amounts of $1,720,707 for Park Properties Associates, L.P., $2,996,756 for Valentine Properties Associates, L.P., and $749,330 for St. John's I Associates L.P., for a total judgment of $5,466,793.  On February 4, 2015, plaintiffs filed a motion for attorney's fees and costs under RFCF 54(d) and the EAJA, 28 U.S.C. § 2412(d)(1)(A).  The time allotted to file an appeal expired on February 5, 2015, and no appeal was taken.  Briefing on the EAJA motion has now been completed.

Argument on the motion is deemed unnecessary.

---

[1] A detailed recitation of the background facts in this case may be found in this court's prior opinions.  *See Park Props. II*, 82 Fed. Cl. at 164-67; *Park Props. I*, 74 Fed. Cl. at 266-70; *see also Park Props. Assocs., L.P. v. United States*, 2014 WL 4667212, at *1 (Sept. 19, 2014) (*Park Props. III*).  The court will not restate these facts, but instead hereby incorporates, by reference, these prior recitations.

- 2 -

## II.

Absent a statute or enforceable contract provision, fee shifting is generally prohibited, with each party instead ordinarily bearing its own attorney's fees. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975). This so-called "American Rule" is founded on the belief that requiring an unsuccessful litigant to pay the litigation expenses of the prevailing party would unduly deter parties from seeking to "vindicate their rights" in a judicial forum. *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718 (1967); *see also Arcambel v. Wiseman*, 3 U.S. (3 Dall.) 306 (1796) (in which this rule originated). Over the years, however, courts have recognized limited exceptions to this rule, among them that a court may use its inherent power to assess attorney's fees "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers*, 501 U.S. at 45-46 (quoting *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974)); *see also Alyeska*, 421 U.S. at 258-59. Section 2412(b) of Title 28, a provision of the EAJA, extends this concept to the United States, subjecting it to the award of attorney's fees in civil cases "to the same extent that any other party would be liable under the common law . . . for such an award." 28 U.S.C. § 2412(b).[2]

As a primary focus, the court must determine whether the position of the United States in this case was "substantially justified." In this regard, 28 U.S.C. § 2412(d)(1)(A) states, in pertinent part, that "a court shall award to a prevailing party other than the United States fees and other expenses, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." Defendant bears the burden of proving that its position was substantially justified. *See Helfer v. West*, 174 F.3d 1332, 1336 (Fed. Cir. 1999); *Doty v. United States*, 71 F.3d 384, 385 (Fed. Cir. 1995); *Insight Sys. Corp. v. United States*, 115 Fed. Cl. 734, 737 (2014). Defendant must show that its position throughout the dispute was "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see also Chiu v. United States*, 948 F.2d 711, 715 (Fed. Cir. 1991); *Hyperion, Inc. v. United States*, 118 Fed. Cl. 540, 545 (2014). Such an inquiry focuses not only on the position taken by the Justice Department before this court, but also on the agency's prelitigation conduct. *See Comm'r of I.N.S. v. Jean*, 496 U.S. 154, 159 (1990); *Hubbard v. United States*, 480 F.3d 1327, 1332 (Fed. Cir. 2007); *Smith v. Principi*, 343 F.3d 1358, 1361-62 (Fed. Cir. 2003).

To be sure, this court has concluded that plaintiffs' HAP contracts were breached in various ways, including the 1994 amendments made by the Housing Act. However, the decisional law on this count plainly was unclear prior to the Federal Circuit's decision in *Haddon Hous. Assocs. v. United States,* 711 F.3d 1330 (Fed. Cir. 2013). Indeed, *Haddon* aside, the decisional

---

[2] *See also* H.R. Rep. No. 96-1418, at 9 (1980) (section 2412(b) "reflects a strong movement by Congress toward placing the federal government and civil litigants on a completely equal footing"); *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 190 (2d Cir. 2000); *First Fed. Sav. & Loan Assoc. of Rochester v. United States*, 88 Fed. Cl. 572, 582 n.4 (2009).

law on aspects of this subject remains somewhat unsettled, even until now. *See Cathedral Square Partners Ltd. P'ship v. S.D. Hous. Dev. Auth.*, 2011 WL 43019, at *17 (D.S.D. Jan. 5, 2011), *rev'd in part on recon.,* 966 F. Supp. 2d 862 (D.S.D. Aug. 14, 2013); *Greenleaf L.P. v. Ill. Hous. Dev. Auth.*, 2010 WL 3894126, at *4 (N.D. Ill. Sept. 30, 2010); *Haddon Hous. Assocs., LLC v. United States*, 99 Fed. Cl. 311, 330 (2011), *aff'd in part, rev'd in part,* 711 F.3d 1330 (Fed. Cir. 2013); *Statesman II Apartments, Inc. v. United States*, 66 Fed. Cl. 608, 620 (2005); *Cuyahoga Metro. Hous. Auth. v. United States*, 57 Fed. Cl. 751, 783 (2003); *see also One & Ken Valley Hous. Grp. v. Maine State Hous. Auth.*, 2012 WL 1458202 (D. Me. Apr. 17, 2012), *aff'd,* 716 F. 3d 218 (1st Cir. 2013), *cert. denied,* 134 S. Ct. 986 (2014). Plaintiffs cannot ignore the fact that significant differences of opinion have been expressed in these cases. Certainly, the decisions are far from unanimous.

Contrary to plaintiffs' claims, various factual and legal issues in the case *sub judice* remained extant for several reasons – and not just because of the passage of time. For one thing, "the decisions of this court are not binding precedent for judges of this court." *Sotera Def. Solutions, Inc. v. United States*, 118 Fed. Cl. 237, 258 (2014).[3] Plaintiffs are simply wrong in suggesting that the decision in this case was somehow bound up by binding precedent. It was not. Second, the courts have been particularly hesitant to impose attorney's fees in matters of first impression – and, like it or not, that is the case regarding several of the key legal points here.[4] Third, and perhaps most importantly, in deciding whether a position is substantially justified, the Supreme Court has instructed that defendant's "position can be justified even though it is not correct," requiring that that position have a "reasonable basis in law and fact." *Pierce*, 487 U.S. at 566 n.2; *see also Norris v. S.E.C.*, 695 F.3d 1261, 1265 (Fed. Cir. 2012); *DGR Assocs. Inc. v. United States*, 690 F.3d 1335, 1344 (Fed. Cir. 2012); *Insight Sys.*, 115 Fed. Cl. at 737. The substantial justification standard requires less than winning the case and more than being "merely undeserving of sanctions for frivolousness." *Pierce*, 487 U.S. at 566.[5] And, in the court's view, defendant's position has a "reasonable basis in law and fact."[6]

---

[3] *See also AINS, Inc. v. United States*, 365 F.3d 1333, 1336 n.1 (Fed. Cir. 2004), *abrogated on other grounds by Slattery v. United States*, 635 F.3d 1298 (Fed. Cir. 2011) (en banc); *Mass. Mut. Life Ins. Co. v. United States*, 103 Fed. Cl. 111, 137 (2012), *aff'd,* 2015 WL 1566894 (Fed. Cir. Apr. 9, 2015); *Amergen Energy Co., LLC, ex rel. Exelon Generation Co., LLC v. United States*, 94 Fed. Cl. 413, 422 (2010).

[4] *See White v. Nicholson*, 412 F.3d 1314, 1316 (Fed. Cir. 2005), *cert. denied,* 547 U.S. 1018 (2006); *Luciano Pisoni Fabbrica Accessori Instrumenti Musicali v. United States*, 837 F.2d 465, 467 (Fed. Cir.), *cert. denied,* 488 U.S. 819 (1988); *Gava v. United States*, 699 F.2d 1367, 1371 (Fed. Cir. 1983). Indeed, the legislative history of EAJA makes clear that the governing standard allows defendant to advance "'in good faith . . . novel but credible . . . interpretations of the law.'" *Russell v. Nat'l Mediation Bd.*, 775 F.2d 1284, 1290 (5th Cir. 1985) (quoting H.R. Rep. No. 96-1418 at 11 (1980)); *see also Renee v. Duncan*, 686 F.3d 1002, 1017 (9th Cir. 2012); *Insight Sys. Corp.*, 115 Fed. Cl. at 738.

[5] As recently noted by this court, "[t]he government's position may be substantially justified even if ultimately incorrect." *Hyperion*, 118 Fed. Cl. at 545; *see also Manno v. United States*, 48 Fed. Cl. 587, 589 (2001). The appropriate inquiry is "not what the law now is, but

Finally, the court rejects, categorically, any notion that plaintiffs may seek recovery of attorney's fees on the notion that defendant – and apparently defendant alone – protracted the settlement negotiations here. Defendant's actions in this regard cannot be the basis for the payment of attorney's fees for a variety of reasons, including the sanctity associated with the handling of settlement negotiations. Plaintiffs should not be heard to argue otherwise. *See* Federal Rules of Evidence, Rule 408(a); *PCL Constr. Servs., Inc. v. United States*, 84 Fed. Cl. 408, 431 (2008) (stating that Rule 408 of the Federal Rules of Evidence "prohibits the admissibility of statements made in settlement negotiations if offered to prove liability or the amount of a claim").[7]

### III.

The court will not gild the lily. Based on the foregoing, the court hereby **DENIES** plaintiffs' motion for attorney's fees under the EAJA.

**IT IS SO ORDERED**.

s/Francis M. Allegra
Francis M. Allegra
Judge

---

what the [g]overnment was substantially justified in believing it to have been." *Loomis v. United States*, 74 Fed. Cl. 350, 355 (2006) (quoting *Pierce*, 487 U.S. at 561).

[6] To be sure, apart from the substantial justification point under the statute, it cannot be overlooked that plaintiffs did not prevail as to all the substantive issues in this case. *See Park Props. III,* 2014 WL 4667212, at * 2; *Park Props. I*, 74 Fed. Cl. at 265-66. On that basis alone, the court would reject imposing attorney's fees in this case.

[7] *See also Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc*., 265 F.3d 1294, 1307-08 (Fed. Cir. 2001) (discovery was not permitted into negotiations surrounding a settlement agreement based on the failure to show the materiality of the settlement agreement and the Rule 408 policy in favor of protecting settlement agreements); *Nat'l Presto Indus., Inc. v. W. Bend Co*., 76 F.3d 1185, 1197 (Fed. Cir. 1996) (affirming district court's exclusion of evidence as settlement negotiations subject to Fed. R. Evid. 408); *Power Auth. of New York v. United States*, 62 Fed. Cl. 376, 377-79 (2004) (defendant's motion to strike settlement document granted); *Ryan-Walsh, Inc. v. United States*, 39 Fed. Cl. 305, 307 (1997) (defendant's motion *in limine* to restrict statement made during settlement negotiations granted).